WO                                                                                              MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Arthur L. Vitasek,                              No.   CV 21-00436-PHX-MTL (JZB)

                        Petitioner,

v.                                              **ORDER**

David Shinn, et al.,

                        Respondents.

On March 12, 2021, Petitioner Arthur L. Vitasek, who is confined in The GEO Group's Central Arizona Correctional Facility in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  In a March 24, 2021 Order, the Court noted that Petitioner had not paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis.  The Court gave Petitioner thirty days to either pay the filing fee or file an Application to Proceed In Forma Pauperis.

On March 29, 2021, Petitioner filed a "Motion for Immediate 'Unconditional Release' Hearing" (Doc. 4). On April 2, 2021, he paid the filing fee.  The Court will require an answer to the Petition and will deny without prejudice the Motion for Immediate Unconditional Release.

**I.      Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2005-030514, of nineteen counts of sexual conduct with a minor, three counts of public sexual indecency to a minor, three counts of child molestation, one count of attempted child

molestation, and one count of continuous sexual abuse of a child.  He was sentenced to 199.5 years in prison, followed by eleven consecutive life sentences.  In his Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises twelve grounds for relief, asserting violations of his:

(1)      Sixth Amendment right to counsel during cross-examination (Doc. 1 at 8-12);[1]

(2)      Fourteenth Amendment due process right of "access to the courts" because Arizona Court of Appeals Judge Randall Howe "refused to address GROUND ONE due to his clerk[']s scanning error" (*Id*. at 13-17);

(3)      Sixth Amendment right to confront witnesses when the trial court "changed his ruling" regarding the prosecutor's use of hearsay recordings "after all witnesses had testified, been excused, [and were] no longer available for cross-examination on the hearsay evidence" (*Id.* at 18-22);

(4)      Fourteenth Amendment right to due process and Sixth Amendment right under the Confrontation Clause because the hearsay recordings "failed to meet Rule 803(5)'s requirements," the trial court "failed to conduct the required hearing," and the Arizona Court of Appeals "applied an unreasonable determination of the facts when evaluating this issue on appeal" (Doc. 1 at 18 to Doc. 1-1 at 4);

(5)      Fourteenth Amendment right to due process and Sixth Amendment right to the effective assistance of counsel because the trial court's "findings on the denial of unchastity [were] unsupported by sufficient evidence in the record because the court[] refused to conduct a MANDATORY pretrial chastity hearing" and because "counsel failed to ensure the hearing was conducting prior to trial" (Doc. 1-1 at 5-10);

(6)      Fourteenth Amendment right to due process and Sixth Amendment rights to confront witnesses, compulsory process to present a complete defense, and effective assistance of

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

TERMPSREF

counsel because the trial court "precluded relevant unchastity evidence of the State's witnesses" (*Id.* at 11-15);

(7)     Fourteenth Amendment right to due process because the prosecutor failed to prove every element of the charged crimes beyond a reasonable doubt and, "[t]herefore[,] the Petitioner is innocent and no procedural default can be used to deny habeas corpus relief" (Doc. 1-1 at 16 to Doc. 1-2 at 4);

(8)     Sixth Amendment rights to due process, compulsory process, and confrontation because the trial court "allowed the prosecutor to play the alleged victims['] police interviews to the jury as evidence" and "allowed the improper sexual questioning to be redacted" (Doc. 1-2 at 5-9);

(9)     Fourteenth Amendment right to due process and a fair trial because of the "enormous prosecutorial misconduct which had a substantial and injurious effect or influence on the jury's verdict and infected the integrity of the proceedings" (Doc. 1-2 at 10 to Doc. 1-3 at 1);

(10)    Fifth Amendment right under the Grand Jury Clause "to be tried on charges presented within the indictment" (Doc. 1-3 at 2-7);

(11)    Fourteenth Amendment right to due process and Sixth Amendment right to compulsory process because the trial court denied Petitioner's expert witness "due to late disclosure" (*Id.* at 8-10); and

(12)    Sixth Amendment right to the effective assistance of counsel on appeal because "counsel filed an *Anders*[2] brief when numerous meritorious appellate issues existed" and Fourteenth Amendment right to due process because the Arizona Court of Appeals "failed to appoint new counsel to represent the Petitioner on those meritorious issues" (*Id.* at 11-13).

Petitioner contends he has exhausted his state remedies regarding these issues.  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

. . . .

. . . .

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

## II.     Motion for Immediate Unconditional Release

In his Motion for Immediate Unconditional Release, Petitioner alleges the state courts "relied on their [Inconsistent Verdict Doctrine] to deny Petitioner his United States Constitutional rights" and claims he is entitled to immediate release from state custody while "these proceedings are being reviewed" because "these violations are clearly a violation of clearly established law" and "require an automatic reversal."

"To qualify for pre-decisional release from state prison pending a federal habeas petition, a petitioner must show that the habeas petition has a high probability of success and that special circumstances justify his release." *Centofanti v. Neven*, 820 F. App'x 555, 556 (9th Cir. 2020) (citing *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020) and *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964)).  Petitioner has not shown special circumstances justify his release.  Thus, the Court, in its discretion, will deny Petitioner's Motion for Immediate Unconditional Release.

## III.    Warnings

### A.     Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.     Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Petitioner's "Motion for Immediate 'Unconditional Release' Hearing" (Doc. 4) is **denied**.

(2)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.    Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.    Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(3)    Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be

Case 2:21-cv-00436-MTL-JZB   Document 6   Filed 04/08/21   Page 6 of 6

attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(5)     Petitioner may file a reply within 30 days from the date of service of the answer.

(6)     This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 8th day of April, 2021.

Michael T. Liburdi
United States District Judge

TERMPSREF