**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur L Vitasek, | No. CV-21-00436-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court are several motions filed by Petitioner Arthur Vitasek (Docs. 45, 46, 47, 50, 51, 56), and one motion filed by Respondents (Doc. 59). The Court rules as follows.

**I.**

Petitioner filed the instant petition for writ of habeas corpus (Doc. 1) on March 12, 2021. Shortly thereafter, he filed motions for discovery (Doc. 9) and for an evidentiary hearing (Doc. 18). On March 2, 2022, the Magistrate Judge issued a Report and Recommendation (R & R) recommending that the habeas petition be dismissed with prejudice. (Doc. 42.) The R & R also recommended that Petitioner's motions (Docs. 9, 18) be denied. Just after the R & R was filed, Petitioner moved to expand the record (Doc. 43). On March 8, 2022, the Court filed an order denying Petitioner's motions (Docs. 9, 18, 43) without prejudice and directing Petitioner to file a *single* pleading stating his objections to the R & R, including its conclusions regarding his motions for discovery and for an evidentiary hearing. Petitioner has since filed six motions: two

motions for record (Docs. 45, 47), a motion to forward petitioner's exhibits (Doc. 46), two motions for leave of court to expand record (Docs. 50, 56), and a motion for leave of court to file oversized written objections (Doc. 51).

## II.

In Petitioner's first motion for record (Doc. 45), he seeks an order directing Respondents to provide him a copy of a victim interview conducted by Detective Rash and a copy of all redacted interviews by all detectives regarding all victims. He also requests that the Court either grant his "narrative summary" (Doc. 24) or order Respondents to produce hearing transcripts from December 3, 2010. In his second motion for record (Doc. 47), he requests an order directing Respondents to provide him with "both versions" of a jury instruction that was given at his trial regarding the use of recorded hearsay statements.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of the discovery." U.S.C. § 2254 Cases R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 904; *see also Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010).

Petitioner has not established good cause. The interview transcripts Petitioner requests appear to relate to his contention that the trial court erroneously precluded evidence that detectives threatened the victims and forced them to falsely accuse him of sex crimes. (Doc. 48 at 3.) As Respondents and the R & R note, however, the record shows that the trial judge allowed Petitioner's counsel to question detectives about whether they made threatened or otherwise coerced victims in their interviews. (*See* Doc. 30-6 at 110–11, Doc. 30-10 at 77.) Similarly, the record shows that Petitioner's trial counsel was permitted to make this coercion argument during closing arguments. (*See*

Doc. 31-6 at 70–74.) Thus, even if Petitioner could access the interview transcripts, there is no reason to believe that, based on that evidence, he would be able to show that he is entitled to relief.

Petitioner's request that the Court grant his "narrative summary" will also be denied. The narrative summary sets forth Petitioner's version of what occurred at a December 3, 2010, hearing before the state trial court, in which the parties discussed Petitioner's request to introduce evidence regarding the victims' prior sexual acts. Even assuming that the version of facts set forth in the narrative summary is true, there is no reason to believe that Petitioner can establish, based on that evidence, that he is entitled to relief. Petitioner believes the evidence is relevant to his claim that the trial court never conducted a hearing and never otherwise made a ruling, regarding the admission of evidence regarding the victims' prior sexual acts. But the record clearly shows that the trial judge reviewed the evidence, held a hearing (after the December 3, 2010, hearing), and issued a ruling precluding the evidence. (Doc. 10–6, at 86–87.) Thus, Petitioner's narrative summary, and his request to obtain a transcript from the December 3, 2010, hearing, will be denied.

Petitioner's request to obtain "both versions" of a jury instruction relating to the use of recorded hearsay statements must likewise be denied. The request does not bear on the grounds for relief asserted in Petitioner's habeas petition. While Petitioner claims his constitutional rights, and Arizona Rule of Evidence 803(5), were violated by the admission of certain hearsay evidence, he raises no claim pertaining to the jury instructions given regarding hearsay evidence. And evidence regarding such jury instructions has no bearing on Petitioner's constitutional and evidentiary claims. In addition, Petitioner already has a copy of the instructions that were read to the jury at the close of his state trial. Petitioner's motions for record (Docs. 45, 47) will accordingly be denied.

The Court has access to the exhibits filed by Petitioner. Petitioner's motion regarding the forwarding of exhibits (Doc. 46) will be therefore denied.

Petitioner also moves to expand the record (Doc. 50). Petitioner claims that the

1 exhibits he seeks to add "were either part of the existing record on appeal or were
2 documents used during the course of trial." (*Id.* at 1.) To the extent the exhibits
3 referenced are already in the record, Petitioner's request is moot. To the extent Petitioner
4 does in fact seek to expand the record, his request will be denied, because he has neither
5 explained the relevance of the referenced exhibits nor demonstrated good cause for their
6 inclusion.

7 Petitioner likewise moves to expand the record with a recently created affidavit
8 from his trial counsel, Robert Dossey. (Doc. 56.) Based on the affidavit, he also requests
9 an evidentiary hearing. The affidavit states that the state trial judge "changed his ruling on
10 how the audio-taped interview information could be used by the jury" and then "gave a
11 Final Jury Instruction that allowed the jury to use the information given by the Victims
12 in their forensic interviews as evidence that could prove the State's allegations against
13 the Defendant." (Doc. 56 at 6.) This evidence, however, is already in the record. (*See*
14 Doc. 1-5, at 76–77; Doc. 31-5 at 174–75, 179; Doc. 31-6 at 11–12.) Indeed, Petitioner's
15 motion states that the affidavit "does not create new evidence but rather substantiates and
16 confirms the existing record." (Doc. 56 at 3.) Petitioner's motion will accordingly be
17 denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[A]n evidentiary hearing is
18 not required on issues that can be resolved by reference to the state court record."
19 (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

20 Even if Dossey's affidavit included new evidence, or if Petitioner argued an
21 evidentiary hearing would bring new evidence to light, Petitioner's motion would yet
22 be denied. "[T]he standard [for a § 2254 petitioner] to expand the state-court record is a
23 stringent one." *Shinn v. Ramirez*, 596 U.S. ---, 142 S. Ct. 1718, 1728 (2022). "If a
24 prisoner has 'failed to develop the factual basis of a claim in State court proceedings,' a
25 federal court 'shall not hold an evidentiary hearing on the claim' unless the prisoner
26 satisfies one of two narrow exceptions, and demonstrates that the new evidence will
27 establish his innocence 'by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C.
28 § 2254(e)(2)). For one of the "two narrow exceptions" to be triggered, the petitioner's

claim "must rely on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by this Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* at 1734 (quoting § 2254(e)(2)(A)). Neither exception applies in this case. Petitioner's motion will be denied.

Petitioner also moves for leave of the Court to file oversized written objections to the R & R. (Doc. 51.) Respondents do not oppose Petitioner's motion. (*See* Doc. 54.) Given the breadth and complexity of the issues presented in the petition, and the length of the R & R, the Court will grant Petitioner's motion.

Finally, Respondents move to strike Petitioner's filing, located at docket number 58, entitled "Memorandum to the District Court." (Doc. 59.) While the memorandum does not expressly state as much, it appears to be an attempt by Petitioner to amend his habeas petition. Petitioner has not, however, moved to amend, and the Court finds that even if Petitioner had so moved, amendment is not appropriate at this late juncture (months after the R & R issued). Respondents' motion will be granted.

### III.

Accordingly,

**IT IS ORDERED denying** Petitioner's Motions for Record (Docs. 45, 47), Motion to Forward Petitioner's Exhibits (Doc. 46), and Motions for Leave of Court to Expand Record (Docs. 50, 56).

**IT IS FURTHER ORDERED granting** Petitioner's Motion for Leave of Court to File Oversized Written Objection (Doc. 51). The Clerk of Court is directed to file Petitioner's objections to the R & R (lodged at Doc. 52).

**IT IS FURTHER ORDERED granting** Respondents' Motion to Strike (Doc. 59). Petitioner's filing entitled "Memorandum to the District Court" (Doc. 58) is hereby stricken from the record.

**IT IS FINALLY ORDERED** that Petitioner's habeas petition (Doc. 1) and the R & R (Doc. 42) remain pending.

1  Dated this 21st day of June, 2022.

Michael T. Liburdi
United States District Judge