**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur L Vitasek,<br><br>              Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>              Respondents. | No. CV-21-00436-PHX-MTL<br><br>**ORDER** |

Before the Court is Petitioner's Motion for Reconsideration of the Court's Order denying Petitioner's Rule 60(b) motion. (Docs. 121, 122.) The pending motion asks the Court to reconsider its ruling that (1) he failed to show the final judgment was void under Fed. R. Civ. P. 60(b)(4) and (2) he is not entitled to a certificate of appealability. (Doc. 122.) The Court will deny the motion.

**I.**

The standard of review for motions for reconsideration is set forth in Local Rule of Civil Procedure 7.2(g). Motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citations omitted).

## II.

As in his Rule 60(b) motion, Petitioner first argues, "[a] court's review must cease 'once' (at the moment when) the Magistrate Judge recognized Ground 6 was an arguable issue and provide the Petitioner his Constitutional Due Process right to representation[,]" as required by *Penson v. Ohio*, 488 U.S. 75 (1988). (Doc. 122 at 2.) This argument asks this Court to "rethink what it has already thought"—which is improper in a motion for reconsideration. *Motorola, Inc.*, 215 F.R.D. at 582; *see also Mogan v. Airbnb, Inc.*, No. 23-55489, 2024 WL 3738480, at *4 (9th Cir. Aug. 9, 2024) (explaining that a motion for reconsideration is improper if merely sought to relitigate the arguments earlier made). As this Court has informed Petitioner, *Penson* concerns the procedures designed to protect a defendant's right to appellate counsel where an appeal is not frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967). Specifically, the U.S. Supreme Court in *Penson* explained that when an *Anders* brief is filed, the appellate courts are to make their own independent examination of the record and appoint new counsel if the record supports "several arguable claims." 488 U.S. at 82-83.

Those circumstances are not at issue here. The Magistrate Judge did not recognize any arguable issue, and *Penson* does not support Petitioner's argument. Petitioner does not get endless opportunities to relitigate the same issues this Court has already considered and rejected. Accordingly, Petitioner fails to show reconsideration on this point is warranted.

Petitioner also requests a certificate of appealability. (Doc. 122 at 3-4.) When a Rule 60(b) motion is denied, the court may issue a certificate of appealability if the movant demonstrates that: "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion; and, (2) jurists of reason would find it debatable whether the underlying habeas corpus petition states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015); *see also Ciotta v. Frauenheim*, No. 17-16391, 2017 WL 4546728, at *1 (9th Cir. Sept. 7, 2017) (applying *Winkles* to a Rule 60(b) motion in a 28 U.S.C. § 2254 case).

As to the first prong, Petitioner has not demonstrated it is reasonably debatable that

this Court abused its discretion in denying the Rule 60(b) motion. Reasonable jurists would agree that Petitioner failed to show the judgment was void for lack of jurisdiction under Rule 60(b)(4) for the reasons stated above. Further, jurists of reason would not find it debatable that the Court was without jurisdiction to consider Petitioner's second or successive claims.* And as to the second requirement, this Court has already determined that jurists of reason would not debate whether Petitioner's § 2254 petition states a claim for the substantial denial of a constitutional right when it dismissed the habeas petition. (*See* Doc. 42 at 52-53; Doc. 72 at 34.) Indeed, the Ninth Circuit similarly agreed when it declined to issue a certificate of appealability after Petitioner appealed the Court's order dismissing his petition. (Doc. 110.)

None of the arguments in Petitioner's Rule 60(b) motion or the pending motion for reconsideration negate these findings or otherwise suggest "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, Petitioner's request for a certificate of appealability is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (Doc. 122) is denied.

Dated this 23rd day of May, 2025.

Michael T. Liburdi
United States District Judge

---

* Reasonable jurists would all agree that several arguments in Petitioner's Rule 60(b) motion were disguised attempts to raise new claims in a second or successive petition. As explained in the Court's order denying the Rule 60(b) motion, Petitioner has not moved in the appropriate court of appeals for authorization to file the successive petition. Notably, Petitioner does not challenge the Court's reasoning in the instant motion for reconsideration.